UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                             Case No. 19-CV-1443

APPROXIMATELY $40,238 IN
UNITED STATES CURRENCY,

          Defendant.

ORDER

Currently pending before the court is the government's motion to strike the claim and answer filed by claimant Tasnique Love and motion for default judgment as to approximately $40,238.00 in United States currency. (ECF No. 31).

On May 26, 2021, the attorneys for Tasnique Love withdrew from the case. (ECF No. 23.) On November 11, 2021, the government filed a motion to compel because Love had failed to respond to the government's discovery requests. (*See, e.g.,* ECF No. 26, ¶¶ 3, 5.) When Love failed to respond to the motion, the court granted it. (ECF No. 30.) Since then, Love has not complied with the court's ruling—that is, she has still not responded to the government's pending discovery requests. (*See* ECF No. 31, ¶ 11.)

Based on Love's failure to comply with the court's order and to respond to the government's discovery requests, the government has moved to strike Love's claim and answer and moves for a default judgment. (ECF No. 31.) Love has failed to respond to the government's motions.

Federal Rule of Civil Procedure 37(b)(2) lists the sanctions a court may impose on a party for its failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2). The Rule extends to a party's failure to comply with an order compelling discovery, and provides that a court may impose several of the listed sanctions at the same time. *See* § 2289 Failure to Comply with Order Compelling Discovery, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.). Importantly, the Rule "gives the court broad discretion to make whatever disposition is just in light of the facts of the particular case." *Id.* For example, where a party has failed to "participate in the pretrial process, whether by abandoning the litigation or by obstructing some vital step," it is within the court's discretion to "award summary victory to the other side." *See Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1145 (7th Cir. 1999).

Love's failure to comply with this court's order compelling discovery has obstructed the discovery process. (*See, e.g.*, ECF No. 26, ¶¶ 6, 7.) Her failure to respond to the government's discovery requests, coupled with her failure to reply to any of the government's motions for the past several months, suggests she has abandoned the

litigation. Consequently, the government's motion to strike the claim and answer and motion for default judgment is granted.

**IT IS THEREFORE ORDERED** that the claimant's notice of claim (ECF No. 14) and response (ECF No. 16) be struck.

**IT IS FURTHER ORDERED** that a default judgment be entered against the claimant and that this case be dismissed.

**IT IS FURTHER ORDERED** that the defendant property, approximately $40,238.00 in United States currency, be forfeited to the United States of America and that no right, title or interest in the defendant property shall exist in any other party.

**IT IS FURTHER ORDERED** that the defendant property shall be seized forthwith by the United States Marshal Service for the Eastern District of Wisconsin or its duly authorized agent and shall be disposed of according to law.

The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of February, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge